# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **ACM S32659** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Brett D. KUBIAK** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas, of one specification of wrongful use of cocaine and three specifications of wrongful use of methamphetamine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; and three specifications of incapacitation for duty, in violation of Article 112, UCMJ, 10 U.S.C. § 912.[*] A panel consisting of officer and enlisted members sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The Convening Authority took no action on the findings or sentence but waived automatic forfeitures at the request of Appellant for the benefit of Appellant's dependent child. The military judge signed the entry of judgment (EoJ) on 18 July 2020.

This case was submitted for our review on its merits without assignment of error. However, in our review under Article 66, UCMJ, 10 U.S.C. § 866, we identified post-trial processing issues with the signed Statement of Trial Results (STR) and EoJ. Specifically, in addition to the offenses already mentioned, Appellant was initially charged with child endangerment, in violation of Article 119a, UCMJ, 10 U.S.C. § 919a. The charge sheet correctly reflects this charge. Appellant was arraigned on this charge along with the aforementioned charges, pleaded not guilty to the charge, and it was eventually withdrawn without prejudice. However, both the STR and EoJ incorrectly refer to the charge as Article 119, UCMJ, 10 U.S.C. § 919.

Furthermore, as the EoJ and STR contain the name of a child under 16 years of age, both expurgated and unexpurgated copies of the EoJ and STR must be prepared and signed by the military judge. *See* Air Force Instruction

---

[*] All references in this order to the Uniform Code of Military Justice (UCMJ), Rules for Courts-Martial, and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2019 ed.).

(AFI) 51-201, *Administration of Military Justice*, ¶ 13.38.1, 15.5 (18 Jan. 2019). In this case, no expurgated copies of either document were included with the record of trial as required by the AFI. Finally, the name of the child under 16 years of age must be replaced with initials on both expurgated and unexpurgated copies of the STR and EoJ. AFI 51-201, ¶ 15.5.

"The Judge Advocate General, the Court of Criminal Appeals, and the [United States] Court of Appeals for the Armed Forces may modify a judgment in the performance of their duties and responsibilities." R.C.M. 1111(c)(2). "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3). As such, we direct a corrected EoJ and STR to appropriately reflect Charge III and its specifications and to substitute the name of the minor child with his initials.

We therefore direct a corrected EoJ by: (1) replacing reference to Article 119, UCMJ, with Article 119a, UCMJ, to Charge III; and (2) producing an expurgated and unexpurgated EoJ and attachments per the guidance in AFI 51-201. Additionally, we direct the EoJ indicate that Charge III reflected in the STR is incorrect in that it is identified as Article 119, UCMJ, and should be Article 119a, UCMJ, as reflected in the transcript and the charge sheet.

Accordingly, it is by the court on this 9th day of November, 2020,

**ORDERED:**

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the entry of judgment. Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1111(c)(3). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ. On 23 November 2020, counsel for the Government will inform the court in writing of the status of compliance with this order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court